# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT SILVIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00332-LJO-GSA PC<br><br>ORDER FINDING AMENDED COMPLAINT STATES COGNIZABLE CLAIMS AGAINST CERTAIN DEFENDANTS, AND REQUIRING PLAINTIFF TO EITHER FILE SECOND AMENDED COMPLAINT AS TO SACHS OR NOTIFY COURT OF ABANDONMENT OF CLAIM WITHIN THIRTY DAYS<br><br>(Doc. 8) |

**Screening Order**

**I.　Screening Requirement**

Plaintiff John Robert Silvis ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 28, 2007. On June 4, 2007, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on June 25, 2007.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Eighth Amendment Claims

Plaintiff's claims arise from events which occurred during the time he was a state prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff alleges a violation of the Eighth Amendment of the United States Constitution stemming from prison officials' failure to provide him with medical treatment for what was eventually diagnosed as a brain tumor.

Plaintiff names Doctors Davis, Smith, Perry, Rees, Weed, and Sachs, and Doe Directors, Doe Wardens, and other Does as defendants. Plaintiff allegations are sufficient to state claims against Defendants Davis, Smith, Perry, Rees, and Weed. However, Defendant Sachs is not mentioned in the statement of claim while Doctor Pappenfus is mentioned and identified as a defendant in the statement, but not named as a defendant in the caption or the section entitled "Defendants." Thus, it is unclear whether the error lies in failing to name Pappenfus as a defendant in the caption and appropriate section, in failing to describe what Defendant Sachs did or did not do in the statement, and/or in inadvertently using the name Pappenfus instead of Sachs in the statement. The Court will provide Plaintiff with the opportunity to clarify his intent by either filing a second amended complaint or notifying the Court that he has abandoned his claim against Defendant Sachs.

If Plaintiff opts to file a second amended complaint, he is cautioned that Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged

in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

**III.   Order**

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either file a second amended complaint or notify the Court that he has abandoned his claim against Defendant Sachs;

2. The Clerk's Office shall send Plaintiff a complaint form; and

3. The failure to obey this order will result in the dismissal of this action, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **April 2, 2008**              **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE