UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT SILVIS, | 1:07-cv-00332-LJO-GSA (PC) |
| Plaintiff, | SECOND INFORMATIONAL ORDER, MOTION TO DISMISS NOTICE, AND |
| v. | SUMMARY JUDGMENT NOTICE |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al, | |
| Defendants. | |

Plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff has submitted the required USM-285 forms and a separate order transmits them to the United States Marshal for service of process. Parties to this litigation shall take note of the following requirements:

1. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m).

2. At some point in the litigation, defendants may file a motion to dismiss this action on any number of grounds or a motion for summary judgment. Plaintiff is required to file an opposition or a statement of non-opposition to the motion. Local Rule 78-230(m). If plaintiff fails to file an opposition

1  or a statement of non-opposition to the motion, this action may be dismissed, with prejudice, for failure
2  to prosecute. The opposition or statement of non-opposition must be filed not more than 21 days after
3  the date of service of the motion to dismiss (18 days plus 3 days for mailing). Id.

4      3. At some point in the litigation, one or more defendants may move for summary judgment as
5  to some or all of plaintiff's claims. Pursuant to Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988)
6  and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), plaintiff is advised of the following requirements
7  for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal
8  Rules of Civil Procedure. Such a motion is a request for an order for judgment on some or all of
9  plaintiff's claims in favor of defendants without trial. Fed. R. Civ. P. 56(b). Defendant(s)' motion will
10 set forth the facts which defendants contend are not reasonably subject to dispute and that entitle
11 defendant to judgment as a matter of law. Fed. R. Civ. P. 56(c).

12     Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, plaintiff
13 must show proof of his or her claims. Plaintiff may agree with the facts set forth in defendant(s)' motion
14 but argue that defendant(s) are not entitled to judgment as a matter of law. Plaintiff may show
15 defendant(s)' facts are disputed in one or more of the following ways: (1) Plaintiff may rely upon
16 statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has
17 personal knowledge of the matters stated and if plaintiff calls to the court's attention those parts of the
18 complaint upon which plaintiff relies; (2) Plaintiff may also serve and file affidavits or declarations[1]
19 setting forth the facts which plaintiff believes prove plaintiff's claims (the persons who sign the affidavit
20 or declaration must have personal knowledge of the facts stated); (3) Plaintiff may also rely upon written
21 records but plaintiff must prove that the records are what plaintiff claims they are[2]; (4) Plaintiff may
22 also rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or

---

[1] An affidavit is a written declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An unsworn declaration has the same effect as an affidavit, provided that it is dated and signed under penalty of perjury, as follows: "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. Affidavits and declarations must be made on personal knowledge and must set forth facts as would be admissible in evidence. Fed. R. Civ. P. 56(e).

[2] Sworn or certified copies of all papers referred to in an affidavit must be attached to the affidavit and served on the opposing party. Fed. R. Civ. P. 56(e).

-2-

1  admissions obtained in this proceeding.  Should plaintiff fail to contradict defendants' motion with
2  affidavits, declarations, or other evidence, defendants' evidence will be taken as truth, and final
3  judgment may be entered without a full trial. Fed. R. Civ. P. 56(e).
4       If there is some good reason why such facts are not available to plaintiff when required to oppose
5  such a motion, the court will consider a request to postpone considering defendant(s)' motion.  Fed. R.
6  Civ. P. 56(f).  If plaintiff does not serve and file a request to postpone consideration of defendant(s)'
7  motion or written opposition to the motion, the court may consider plaintiff's failure to act as a waiver
8  of opposition to defendant(s)' motion.  Plaintiff's waiver of opposition to defendant(s)' motion may
9  result in the entry of summary judgment against plaintiff.
10      4. A motion supported by affidavits or declarations that are unsigned will be stricken.
11      5. The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or
12 the Local Rules of Court, may result in the imposition of sanctions including, but not limited to,
13 dismissal of the action or entry of default.
14
15      IT IS SO ORDERED.
16      **Dated:**   **June 4, 2008**           /s/ **Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE