# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT SILVIS,<br><br>            Plaintiff,<br><br>      v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>            Defendants.<br>_____ / | CASE NO. 1:07-cv-00332-LJO-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT WEED'S MOTION TO DISMISS BE DENIED<br><br>(Doc. 32)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Findings and Recommendation on Defendant Weed's Motion to Dismiss**

**I.    Procedural History**

Plaintiff John Robert Silvis ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed June 25, 2007, against Defendants Davis, Smith, Perry, Rees, Weed, and Pappenfus for violation of the Eighth Amendment arising out of Plaintiff's medical care while incarcerated.  On September 2, 2008, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b) and Rule 12(b)(6), Defendant Weed ("Defendant") filed a motion seeking dismissal of the claims against him for failure to exhaust and for failure to state a claim.  Plaintiff filed an opposition on September 22, 2008, and Defendant filed a reply on September 25, 2008.[1]

///

---

[1] Plaintiff filed a surreply on October 6, 2008.  Plaintiff does not have a right to file a surreply, and was not granted leave of court to file one.  Therefore, the surreply is not considered, and Defendant's motion to dismiss was deemed submitted on September 25, 2008, when the reply was filed.  Local Rule 78-230(m).

**II.  Dismissal for Failure to Exhaust**

The Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Defendant contends that he is entitled to dismissal of the claims against him because Plaintiff failed to exhaust in compliance with section 1997e(a).

Although Plaintiff's claims arise from his conditions of confinement while he was a state prisoner, Plaintiff was a civil detainee at the time he filed this action, and is not subject to the PLRA's exhaustion requirement.  Page v. Torrey, 210 F.3d 1136, 1140 (9th Cir. 2000); also Andrews v. King, 398 1113, 1122 (9th Cir. 2005) (civil detainees are not prisoners within the meaning of the PLRA).  Because Plaintiff was not required to exhaust, whether or not the steps he did take were sufficient to constitute exhaustion is immaterial.  Defendant is not entitled to dismissal for failure to exhaust.

**II.  Dismissal for Failure to State a Claim**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), and the Court's role in reviewing the complaint for sufficiency is limited, Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

The events giving rise to Plaintiff's claims against Defendant occurred in 2004, at which time Plaintiff was in state prison serving a criminal sentence.  (Doc. 8, Amend. Comp., court record pg. 8.)  Defendant argues that the claims against him are barred by the statute of limitations.

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Maldonado

1  v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999).

2  Because section 1983 contains no specific statute of limitation, federal courts should apply the forum

3  state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (2004);

4  Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal

5  injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1

6  (West 2007); Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

7      In actions where the federal court borrows the state statute of limitation, the court should also

8  borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d

9  at 927. Under California law, prisoners who at the time the cause of action accrued were either

10 imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction

11 enjoy a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1 (West 2008).

12     At the time Plaintiff's claims accrued, he was entitled to tolling based on his incarceration,

13 and was still within that tolling period when he was released on November 29, 2005.[2] (Amend.

14 Comp., court record pg. 9.) The two year statute of limitations began to run upon Plaintiff's release,

15 and Plaintiff filed suit on February 28, 2007, which was within the two year limitations period.

16 Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006). Plaintiff's claims were timely filed.

17 **IV.   Conclusion and Recommendation**

18     For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendant

19 Weed's motion to dismiss for failure to exhaust and failure to state a claim, filed September 2, 2008,

20 be DENIED, with prejudice.

21     These Findings and Recommendations will be submitted to the United States District Judge

22 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15)**

23 **days** after being served with these Findings and Recommendations, the parties may file written

24 objections with the court. The document should be captioned "Objections to Magistrate Judge's

25 Findings and Recommendations." The parties are advised that failure to file objections within the

26 ///

---

28    [2] Plaintiff was released to the Riverside County Jail for commitment proceedings under the Sexually Violent Predator's Act.

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    **Dated:   October 8, 2008**              /s/ **Gary S. Austin**
                                                                      UNITED STATES MAGISTRATE JUDGE