# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT SILVIS, | CASE NO. 1:07-cv-00332-LJO-GSA PC |
| Plaintiff, | FINDING AND RECOMMENDATION THAT DEFENDANT PAPPENFUS'S MOTION TO DISMISS BE DENIED AND PLAINTIFF'S MOTION TO AMEND BE DENIED |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Docs. 58 and 59) |
| Defendants. | OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Finding and Recommendation on Defendant Pappenfus's Motion to Dismiss**

I.  **Procedural History**

Plaintiff John Robert Silvis ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed June 25, 2007, against Defendants Davis, Smith, Perry, Rees, Weed, and Pappenfus for violation of the Eighth Amendment arising out of Plaintiff's medical care while incarcerated. On February 12, 2009, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant J. Pappenfus, M.D., filed a motion seeking dismissal of the claim against him for failure to state a claim upon which relief may be granted. Plaintiff filed an opposition and a motion seeking leave to amend on February 26, 2009, and Dr. Pappenfus filed a reply on March 9, 2009.

II. **Dismissal for Failure to State a Claim**

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), and the Court's role in reviewing the

1

complaint for sufficiency is limited, Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

In his amended complaint, Plaintiff alleges that in May of 2003, he wrote letters and complaints to Dr. Pappenfus, explaining his medical condition and need for radiation treatment and physical therapy. (Doc. 8, court record p. 6.) Dr. Pappenfus argues that while Plaintiff's allegations detail the involvement of the other defendants, Plaintiff's amended complaint is devoid of any other allegations describing his involvement, and he points out that his name is not listed in the caption of the amended complaint or the section entitled "Defendants." Dr. Pappenfus, who was the Acting Chief Medical Officer at Avenal State Prison, further argues that he cannot be held liable for the actions of his subordinates under respondeat superior, and that to the extent he was involved in responding to one of Plaintiff's inmate appeals, his involvement provides no basis for the imposition of liability.

As recognized by Dr. Pappenfus, the Court commented in its screening order about Plaintiff's failure to name Pappenfus in the caption of his amended complaint and in the "Defendants" section. (Doc. 10.) Plaintiff subsequently clarified his intent to include Dr. Pappenfus as a defendant in response to the Court's screening order. (Doc. 13.) The Court did not require Plaintiff to file a second amended complaint curing this deficiency because Plaintiff's failure to name Dr. Pappenfus in the caption and in the "Defendants" section does not preclude him from pursuing a claim against Dr. Pappenfus if the allegations in the body of the amended complaint make it clear he is an intended defendant. Rice v. Hamilton Air Force Base Commissary, 720 F.2d 1082, 1086 (9th Cir. 1983) (citing Hoffman v. Halden, 268 F.2d 280, 303-04 (9th Cir. 1959), *overruled on other grounds by* Cohen v. Norris, 300 F.2d 24, 29-30 (9th Cir. 1962)). Plaintiff clearly described Dr. Pappenfus as a defendant in the body of his amended complaint, and that is sufficient. Id.

Dr. Pappenfus is correct that he may not be held liable under the theory of respondeat superior, Hydrick, 500 F.3d at 988, and that a purely administrative review of an inmate's appeal is not a sufficient basis upon which to impose liability under section 1983, George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007). However, as a prison administrator, Dr. Pappenfus may be held liable under section 1983 if he knowingly failed to respond to Plaintiff's requests for help. Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006).

Plaintiff alleges in his amended complaint that he was informed he had a brain tumor on April 29, 2003. Brain surgery was performed on May 3, 2003, and following surgery, Plaintiff began to experience paralysis on the right side of his face and needed to use a cane for balance, among other problems. On May 7, 2003, Dr. Pineda recommended radiation treatment to keep the tumor from growing back, and physical therapy to ameliorate the physical effects of Plaintiff's brain surgery. Construed in the light most favorable to Plaintiff, Hydrick at 988, Dr. Pappenfus was placed on notice of Plaintiff medical condition, and that per Dr. Pineda, Plaintiff required radiation treatment and physical therapy. If Dr. Pappenfus knew Plaintiff had serious medical needs that were not being treated and did nothing, he may be held liable for deliberate indifference. Jett, 439 F.3d at 1098. While it is true that Plaintiff did not allege what Dr. Pappenfus did or did not do following the submission of his letters, Plaintiff is not required to delineate Dr. Pappenfus's acts or omissions at the pleading stage. Hydrick, 500 F.3d at 988. Plaintiff has stated a claim, and the Court recommends denial of Dr. Pappenfus's motion to dismiss. If Plaintiff's allegations are too vague for Dr. Pappenfus to reasonably respond, his recourse is a motion for a more definite statement. Fed. R. Civ. P. 12(e).

### III. Conclusion and Recommendation

Because Plaintiff's allegations are sufficient to state a claim against Dr. Pappenfus for violation of the Eighth Amendment, the Court recommends denial of his motion to dismiss. In response to Defendant's motion to dismiss, Plaintiff filed a motion seeking leave to amend. In light of the Court's finding that Plaintiff's amended complaint is not deficient, it is unnecessary for Plaintiff to amend to clarify his claim against Dr. Pappenfus. Therefore, the Court also recommends denial of Plaintiff's motion to amend.

For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

1. Defendant Pappenfus's motion to dismiss for failure to state a claim, filed February 12, 2009, be DENIED, with prejudice; and

2. Plaintiff's motion seeking leave to file a second amended complaint, filed February 26, 2009, be DENIED.

This Finding and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with this Finding and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Finding and Recommendation." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **March 25, 2009**  /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE