# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBERT SILVIS, | 1:07-cv-00332-LJO-GSA-PC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTIONS FOR LEAVE TO FILE SURREPLIES |
| v. | (Docs. 98, 100.) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ORDER DEEMING MOTION FOR SUMMARY JUDGMENT SUBMITTED (Doc. 78.) |
| Defendants. | |

## I.    BACKGROUND

John Robert Silvis ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Now pending is a motion for summary judgment filed by defendants Davis, Pappenfus, Weed, and Smith("Defendants") on July 26, 2010. (Docs. 78-81.) On August 17, 2010, Plaintiff filed an opposition to the motion for summary judgment. (Docs. 82-85.) On August 31, 2010, Defendants filed a reply to the opposition. (Docs. 86-89.)

On September 17, 2010, Plaintiff filed a motion for leave to file a surreply, (Doc. 91), and submitted the surreply, which was filed by the Clerk, (Docs. 93, 96).[1] On September 27, 2010, Plaintiff's motion was stricken by the Court as incomplete, without prejudice to renewal of the motion. (Doc. 97.)

---

[1] A response to a reply to an opposition to a motion is termed a surreply by the Court.

1

On October 14, 2010, Plaintiff renewed the motion to file a surreply, (Doc. 98), filed a motion for leave to file an additional surreply, (Doc. 100), and submitted the additional surreply, which was filed by the Clerk, (Docs. 99, 101). Defendants have not filed an opposition or otherwise responded to Plaintiff's motions. Plaintiff's two motions for leave to file surreplies are now before the Court.

**II.     MOTION TO FILE SURREPLY**

The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply. Therefore, Plaintiff requires leave of court to file a surreply. Plaintiff requests leave to file surreplies, in response to Defendants' reply to Plaintiff's opposition to Defendants' motion for summary judgment, to submit evidence he acquired after Defendants took his deposition on June 7, 2010. Plaintiff asserts that the new evidence will clarify deposition testimony which Plaintiff asserts is inaccurate, which will assist the Court in deciding the issues presented in Defendants' motion for summary judgment. Defendants have not opposed Plaintiff's motions.

The Court notes that Defendants did not lodge a copy of Plaintiff's deposition of June 7, 2010 until they filed their reply to Plaintiff's opposition on August 31, 2010. Thus, Plaintiff did not have the opportunity to respond to the lodging of the deposition when he filed his opposition on July 26, 2010. The Court finds good cause to allow Plaintiff leave to file surreplies to respond to the lodging of the deposition. Therefore, Plaintiff's motions, shall be granted.

**III.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motions for leave to file surreplies, filed on October 14, 2010, are GRANTED;
2. The surreplies submitted by Plaintiff on September 17, 2010 and October 14, 2010, are deemed properly filed; and

///
///
///

2

3. Defendants' motion for summary judgment is deemed submitted on the record, and no other documents in support of, or opposition to, the motion for summary judgment shall be accepted for the Court's consideration.

IT IS SO ORDERED.

**Dated:** **December 12, 2010**                              **/s/ Gary S. Austin**
                                                                                   UNITED STATES MAGISTRATE JUDGE